Tony Chun-Ho SZETO,
Petitioner-Appellant,

v.

Ruth RUSHEN, California State Department of Corrections and John Van De Kamp *, Attorney General for the State of California, Respondents-Appellees.

No. 82–4349.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1983.

Decided July 8, 1983.

· Edward W. Suman, San Bruno, Cal., for petitioner-appellant.

Blair Hoffman, State of California, San Francisco, Cal., for respondents-appellees.

Before TRASK, KENNEDY and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Appellant Tony Chun-Ho Szeto appeals the judgment of the district court denying his petition for habeas corpus. We affirm.

Szeto had been convicted by jury trial in a California state court of being an accessory to a felony and possession of a sawed-off shotgun. On direct appeal his conviction was reversed by the state Court of Appeal, principally on the ground that accomplice testimony against him had not been sufficiently corroborated. The Supreme Court of California granted hearing and affirmed the conviction. *People v. Szeto,* 29 Cal.3d 20, 623 P.2d 213, 171 Cal.Rptr. 652 (1981).

As set forth in the Supreme Court opinion, the charges against Szeto arose out of the 1977 "Golden Dragon Massacre" when members of a Chinese youth gang "entered a crowded restaurant in San Francisco's Chinatown and opened fire on the patrons, intending to revenge themselves on members of two rival Chinese youth gangs * * * but instead killing and wounding innocent bystanders." 29 Cal.3d at 26, 623 P.2d at 216, 171 Cal.Rptr. at 655. Five bystanders were killed and 11 others were wounded. The jury convicted Szeto of aiding the perpetrators by disposing of their weapons, including a sawed-off shotgun, in San Francisco Bay.

Szeto then filed a petition for a writ of habeas corpus in the district court. He set forth four claims: (1) that the admission of hearsay evidence had prejudiced him; (2)

---

* Pursuant to Fed.R.App.P. 43(c) John Van De Kamp is automatically substituted for former California Attorney General George Deukmejian, who was originally named as a party.

that his Fifth Amendment right against self-incrimination had been violated; (3) that the prosecution had concealed its knowledge that a chief witness had committed perjury; and (4) that accomplice testimony had not been sufficiently corroborated under California Penal Code § 1111.

The third claim had not been exhausted. Szeto had filed a supplemental brief in the California Supreme Court in which, for the first time, he·contended that the prosecution knew that its witness, Chester Yu, had committed perjury when he testified that the homicidal attack had been planned by Sai Ying Lee, a gang member and close friend of Szeto's, rather than by Yu's brother, Tom. The California Supreme Court declined to consider this claim because it was outside the record. Szeto did not seek habeas corpus or other relief in state court although the writ is available in California where the prosecution has introduced false evidence substantially material to a defendant's guilt or punishment. Cal.Penal Code § 1473 (West 1982); *In re Hall*, 30 Cal.3d 408, 424, 637 P.2d 690, 698, 179 Cal.Rptr. 223, 231 (1981).

Since Szeto had failed to exhaust available state remedies, the district court held that it was required to dismiss the petition for habeas corpus. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); *Guiterrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir.1983); *Gonzales v. Stone*, 546 F.2d 807, 810 (9th Cir.1976). But although the district judge recognized the compulsion of *Rose v. Lundy* to dismiss the entire petition, nonetheless he proceeded "in the alternative" to consider and rule upon the merits. Having done so, he concluded that all claims should be denied.

■ We read *Rose v. Lundy* as requiring dismissal of the entire petition without reaching the merits of any of its claims where exhausted and unexhausted claims are combined. 102 S.Ct. at 1199. The Supreme Court's direction to dismiss such "mixed petitions" is clear and unequivocal, and leaves no discretion to consider hypothetically the claims which had been exhausted. We adhere to this conclusion even though Szeto has indicated in his opening brief on this appeal that he "hereby offers to stipulate to permanently abandon this issue [concerning Chester Yu's alleged perjury]," and for that reason asks us to address the district court's denial of his exhausted claims.

■ We believe that it is in the interest of comity as well as of orderly procedure to require that petitioner return to the district court. First, abandonment in the federal habeas corpus forum of issues which were not presented to the state courts is a serious choice, for the petitioner who abandons an unresolved issue may "risk forfeiting [later] consideration of his unexhausted claims [by the] federal court." *Rose v. Lundy*, 102 S.Ct. at 1204. Such choices should not be made hastily on appeal, but rather upon advice and reflection and under the supervision of the trial court. Second, the district court should have an opportunity to consider in the first instance petitioner's exhausted claims as properly presented. Therefore, until a pending petition has been amended by dismissing any unexhausted claim, or a new petition has been submitted containing only exhausted claims, neither the district court in habeas corpus nor we on appeal will entertain the merits of any of the claims. *Gulliver v. Dalsheim*, 687 F.2d 655, 657–658 (2d Cir.1982).

Accordingly, we remand to the district court so that Szeto may resubmit or amend his petition so that it contains only exhausted claims. If on remand Szeto chooses neither to amend his old petition nor to submit a new petition containing only exhausted claims, the district court shall dismiss the action entirely but without prejudice. Szeto may thereafter, if he be so advised, seek to present his unexhausted claim in state court.

REMANDED WITH DIRECTIONS.