Fred MARASCO, Petitioner,

v.

Sherman HATCHER, et al., Respondents.

No. CV–N–92–670–ECR.

United States District Court,
D. Nevada.

Dec. 21, 1993.

**415**

Fred Marasco, pro se.

Atty. Gen., Carson City, NV, for respondents.

## ORDER

EDWARD C. REED, Jr., District Judge.

Petitioner has filed a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254. On November 19, 1992, this Court directed petitioner to inform the Court of all of petitioner's possible claims for habeas corpus relief by filing a Statement of Additional Claims. We instructed petitioner how to prepare said Statement of Additional Claims and provided petitioner with twenty days in which to file said Statement.

This Court now finds that petitioner has both exhausted and unexhausted claims for habeas relief. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Schwartzmiller v. Gardner,* 752 F.2d 1341, 1344 (9th Cir.1984). Petitioner has failed to exhaust Claim Two in its entirety. Petitioner has partially failed to exhaust some of his other grounds for relief as well.

In Ground One, Petitioner has failed to exhaust state court remedies with respect to his claim that "no indictment, information, or complaint for grand larceny [was] filed against Petitioner prior to [the] preliminary hearing for robbery...." Petitioner has not raised this issue in state court. The remainder of Ground One is exhausted.

Ground Two was not raised at all in Petitioner's direct appeal. Ground Two was raised in petitioner's request for post-conviction relief. However, the Nevada Supreme Court dismissed the claim without addressing its merits. The Nevada Supreme Court did not find any excuse for Petitioner's failure to raise this issue on direct appeal. It was on this ground that the Court dismissed this claim. Because Ground Two was not considered on its merits it was not exhausted. *Hayes v. Kincheloe,* 784 F.2d 1434, 1437 (9th Cir.1986).

Ground Three is exhausted in its entirety except for the Seventh Amendment claim. Petitioner raised the factual grounds of this claim, and made general arguments which effectively raised federal, constitutional due process concerns sufficient to exhaust Petitioners's Fifth and Fourteenth Amendment claims. Petitioner has never argued or presented a legal theory applying Seventh Amendment analysis to these facts. Therefore, the Seventh Amendment claim is not exhausted. *Picard v. Connor,* 404 U.S. 270, 277–78, 92 S.Ct. 509, 513–14, 30 L.Ed.2d 438 (1971) (claim is fairly presented if operative facts and legal theory are described).

Ground Four is exhausted in its entirety with the exception of the claim that "the habitual criminal information used to sentence petitioner ... contained a felony over ten (10) years old (March 23, 1978)." This claim was never raised in the Nevada Supreme Court and is therefore unexhausted.

Ground Five is exhausted in its entirety with the exception of the Seventh Amendment claim. As discussed in regards to Ground Three, Petitioner never raised any legal theory fairly presenting Seventh Amendment issues with regard to the operative facts of this ground for relief.

■ A federal court cannot hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief. *Rose v. Lundy,* 455 U.S. 509, 521–22, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982); *Szeto v. Rushen,* 709 F.2d 1340, 1341 (9th Cir.1983).

■ In light of petitioner's failure to exhaust state remedies as to all claims for relief, we present petitioner with two options for future proceedings in this case:

(1) petitioner may voluntarily dismiss the instant petition in order to pursue state remedies as to the unexhausted claims;

(2) petitioner may proceed with the exhausted claims by formally and permanently abandoning the unexhausted claims.

We recommend option (1) above whereby petitioner voluntarily dismisses the petition now before this Court. Petitioner then may proceed through the Nevada state court system in order to exhaust the currently unexhausted claims. Upon properly exhausting these claims, petitioner may seek federal habeas review of all possible grounds for relief. The advantage of this course of action is that it enables petitioner to argue all the claims for relief in a single federal proceeding. Furthermore, a voluntary dismissal of the instant petition would not prejudice in any way petitioner's ability to seek federal habeas corpus relief through a subsequent petition.

Option (2) above allows petitioner to proceed in this Court on the instant petition. This option, however, requires that petitioner complete the step set forth below:

Petitioner must formally abandon all currently unexhausted claims for habeas corpus relief of which petitioner has informed this Court. This formal abandonment shall apply to all unexhausted claims of which petitioner has informed this Court, regardless of whether these claims are raised in the petition or the Statement of Additional Claims. Petitioner can complete this step by submitting either a sworn, notarized affidavit or a declaration signed under penalty of perjury. This affidavit or declaration must state that petitioner voluntarily, knowingly, and intelligently agrees to abandon forever the aforementioned unexhausted claims contained in the petition for habeas corpus and in the Statement of Additional Claims. In addition, petitioner's affidavit or declaration of abandonment must also outline the substance of the claims that are being abandoned and cannot refer to these claims merely by number. If petitioner chooses this option, his petition will be deemed to be amended to delete the abandoned claims. If petitioner wishes to choose this option, a sample declaration of abandonment is attached hereto as Exhibit A and incorporated herein by reference.

Before deciding to formally abandon these unexhausted claims, however, petitioner must understand and carefully consider the consequences of such a choice. By formally abandoning these currently unexhausted claims, petitioner should be barred from ever raising these claims in any federal court. *See Rose v. Lundy,* 455 U.S. at 521, 102 S.Ct. at 1204 ("a prisoner who decides to proceed only with his exhausted claims and *deliberately sets aside* his unexhausted claims risks dismissal of subsequent federal petitions") (emphasis added); *Neuschafer v. Whitley,* 860 F.2d 1470, 1482 (9th Cir.1988) (Alarcon, J., concurring) ("If this procedure is followed, the filing of a second petition alleging a new federal constitutional claim will be inexcusable, and an abuse of the writ, unless petitioner is able to allege a change in the law, a newly discovered fact, or ineffective assistance of counsel in connection with the first petition."); Rule 9(b), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254 cases.

IT IS, THEREFORE, HEREBY ORDERED that petitioner shall have twenty (20) days from the date this order is entered to:

(1) voluntarily dismiss the instant petition; or

(2) formally and permanently abandon all unexhausted claims. Petitioner should not file an amended petition deleting the unexhausted claims because the petition on file will be deemed amended to delete claims which are formally abandoned. Pe-

titioner must file an affidavit or a declaration in the form attached hereto as Exhibit A in which petitioner agrees to abandon forever the unexhausted claims of which this Court has been informed.

**IT IS FURTHER ORDERED** that if petitioner does not respond to this Order within twenty (20) days from the date on which it is entered, the Clerk of the Court promptly shall resubmit this matter to this Court. We shall then proceed to dismiss the instant petition if it contains any unexhausted claims.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (document # 10) is rendered **MOOT** by this order.

Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

,

Petitioner,

v.

@@

Respondents.

@@

*FORMAL DECLARATION*
*OF ABANDONMENT*

1. I, (petitioner's name), am the petitioner for habeas corpus relief in the above-captioned case.

2. I have read this Court's Order of _____, in which the Court ordered me to choose from two options in light of my unexhausted claim(s) for relief. I understand the nature and the consequences of each of these options.

3. I understand that by choosing to abandon my constitutional challenge to unexhausted claims _____, I shall not be permitted to raise this challenge in any federal proceeding. I further understand that Rule 9(b) of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254 shall operate to bar me from ever raising this challenge in any federal court, either through appellate review of my instant amended petition or through any possible future petitions.

4. Nevertheless, despite the above consequences, I do hereby voluntarily, knowingly, and intelligently choose to abandon the **(INSERT TOTAL NUMBER OF CLAIMS)** unexhausted claim(s) presented in the **Petition for Habeas Corpus** and/or **Statement of Additional Claims (circle appropriate document(s) where unexhausted claims are located)**, namely that **(INSERT DESCRIPTION OF CLAIMS TO BE ABANDONED)**.

5. I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____ __, 19__.

_____

(SIGNATURE OF PETITIONER)