F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CITIZENS POTAWATOMI NATION,
a/k/a Citizen Band Potawatomi Indian
Tribe of Oklahoma,

      Plaintiff-Appellant,

v.

LEAMON FREEMAN, The Honorable
Leamon Freeman District Judge for
the Seventh Judicial District; C&L
ENTERPRISES, INC., an Oklahoma
corporation,

      Defendant-Appellee.

No. 96-6279
(D.C. No. 95-CV-1967-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Citizens Potawatomi Nation appeals from the dismissal of this action on abstention grounds. The complaint sought to enjoin/invalidate a state arbitration-enforcement proceeding brought by defendant C & L Enterprises, Inc., on the basis that it violated the Nation's sovereign immunity and, hence, exceeded state jurisdiction. C & L moved for dismissal, contending the district court should, rather, facilitate the state's pending resolution of the matter by abstaining under Younger v. Harris, 401 U.S. 37 (1971). Opposing C & L's motion, the Nation argued that because Oklahoma rejects tribal sovereign immunity for off-reservation commercial activities like those involved here--in direct conflict with the case law of this circuit[1]--it would be improper to defer determination of this federal guarantee to the state courts. The district court held the state action provided an adequate opportunity to raise federal issues, and dismissed under Younger.

---

[1]    Compare Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1064-65 (10th Cir.), cert. denied, 116 S. Ct. 57 (1995), with Hoover v. Kiowa Tribe, 909 P.2d 59, 62 (Okla. 1995), cert. denied, 116 S. Ct. 1675 (1996). See also Aircraft Equip. Co. v. Kiowa Tribe, 921 P.2d 359, 361-62 (Okla. 1996).

At the present time, the state trial court has entered judgment for C & L over the Nation's sovereign immunity objection; the Oklahoma Court of Appeals has affirmed that judgment on the basis of the state authority cited supra note 1; and the Oklahoma Supreme Court has denied certiorari, ordered the entry of judgment on the Nation's supersedeas bond, and remanded for an award of appellate fees. In short, although the ancillary fee proceedings and post-judgment collection efforts may not be concluded, the substance of the case, in particular the Nation's entitlement to tribal sovereign immunity, has been finally and unequivocally resolved. Thus, the Nation's attempt to forestall an allegedly unauthorized exercise of state court jurisdiction has been effectively rendered a collateral attack on the state courts' resultant disposition.

Given this posture of the case, the appropriate focus is no longer on the district court's abstention order. Whatever the merits of that ruling, the current availability of any federal relief for the Nation turns on the preclusive effect accorded the state courts' determination of its sovereign immunity claim--an issue the parties have not briefed and the district court has not considered. See generally Durfee v. Duke, 375 U.S. 106, 114 & n.12 (1963) (noting "sovereign immunity may in some contexts be controlling" over rule respecting finality of jurisdictional determinations, citing United States v. United States Fidelity & Guar. Co., 309 U.S. 506 (1940)); Kiowa Tribe v. Lewis, 777 F.2d 587, 591-92

(10th Cir. 1985) (discussing exceptions to rule that state court judgments be accorded full faith and credit).  Under these circumstances, we deem it most appropriate to vacate the abstention order and remand for further proceedings.[2]  We do not at this preliminary stage express or imply any opinion on the questions of preclusion and immunity raised by this case.

The judgment of the United States District Court for the Western District of Oklahoma is VACATED and the cause is REMANDED.


Entered for the Court


John C. Porfilio
Circuit Judge

---

[2]    C & L has moved to dismiss this appeal because (1) the Nation's federal suit "constitute[s] a prohibited appeal of a state court judgment," (2) this court should "abstain from hearing this matter under the doctrine of Younger," and (3) the suit "seeks relief which is violative of the Anti-Injunction Statute."  Brief of C & L Enterprises, Inc. at 22, 25 & 28.  We deny the motion, which does not raise any issue touching on *appellate* jurisdiction.  See generally 10th Cir. R. 27.2.1 ("A party may file a motion to dismiss only on the ground that the appeal is not within the jurisdiction of this court.").  The cited objections concern the impact or focus of the Nation's lawsuit, and the propriety of judicial action on the claims asserted therein, not our power to *review* such action.  The failure to appreciate this institutional distinction between trial and appellate court roles is pointedly betrayed by C & L's untenable insistence that Younger requires us to abstain from reviewing the district court's decision to abstain under Younger.