**MONTCLAIR PARKOWNERS ASSOCIATION; Hacienda Mobile Home Estates, Plaintiffs–Appellants,**

v.

**CITY OF MONTCLAIR, a Municipal corporation, Defendant–Appellee.**

No. 99–55083.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 29, 1999

Filed May 8, 2000

John A. Ramirez (argued) and R.S. Radford, Pacific Legal Foundation, Sacramento, California, and Robert S. Coldren and C. William Dahlin, Hart, King & Coldren, Santa Ana, California, for the plaintiffs-appellants.

Henry E. Heater (argued), Donald R. Lincoln, and Linda B. Reich, Endeman, Lincoln, Turek & Heater, San Diego, California, and Diane E. Robbins and Richard Holdaway, Robbins & Holdaway, Chino, California, for the defendant-appellee.

Before: O'SCANNLAIN, FERNANDEZ, and T.G. NELSON, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether the *Younger* abstention doctrine requires the dismissal of a federal lawsuit brought to vindicate rights under the Takings Clause of the federal Constitution because the plaintiff's analogous claims under state law were proceeding before a state court at the same time that the plaintiff's federal claim was to be considered by the federal court.

I

In July 1998, the City of Montclair, California, ("Montclair") adopted Ordinance number 98–777, a rent-control provision regulating trailer parks. The ordinance prohibits a trailer park owner from increasing the rent for trailer spaces in his park upon their sale or transfer by more than the greater of three percent or the latest annual percentage increase in the consumer price index (up to eight percent). Park owners may apply, however, for administrative permits under the ordinance to increase prices for the purpose of recovering certain increased costs.

On August 17, 1998, the Montclair Parkowners Association and Hacienda Mobile Home Estates (collectively, "the Association") brought suit in federal district court for the Central District of California pursuant to 42 U.S.C. § 1983. The Association alleged that the ordinance effected an unconstitutional taking under the Fifth and Fourteenth Amendments to the United States Constitution and sought declaratory and injunctive relief and just compensation for the property taken. On the next day, August 18, 1998, (before any action was taken on the Association's federal suit) the Association filed a complaint in California Superior Court, making the same claims that were raised in the federal ac-

tion, but under state law: that the ordinance violated due process of law and amounted to a taking without compensation in violation of Article I of the California Constitution. Appellants made it clear in their state court complaint that they reserved the federal bases for their challenge for disposition in federal court pursuant to *England v. Louisiana State Bd. of Med. Examiners*, 375 U.S. 411, 420–22, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

The federal district court thereafter dismissed the Association's federal suit, holding that abstention and dismissal were required under the Supreme Court's decisions in the case of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. The Association timely appealed the district court's decision to abstain.

While this appeal was pending, the Association's parallel litigation in California's courts concluded with the California Supreme Court's order denying the Association's petition for review of the Court of Appeal's adverse decision.[1]

II

*Younger* and its progeny stand for the proposition that federal courts may not, in certain circumstances, exercise their jurisdiction where doing so would interfere with state judicial proceedings. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). "That policy rests on notions of comity and respect for state functions and was born of the concern that federal court injunctions might unduly hamper state criminal prosecutions." *Champion Int'l Corp. v. Brown*, 731 F.2d 1406, 1408 (9th Cir.1984). Nonetheless, *Younger*'s respect for comity and federalism restrains federal courts from exercising their jurisdiction in civil and administrative proceedings that relate to

---

1. We take judicial notice of the California Supreme Court's order denying review, filed

on March 15, 2000.

important state interests as well, *see Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), and precludes federal courts not only from issuing injunctions in cases that fall within the scope of *Younger* and its progeny but from even considering the merits of such cases, *see Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1354 (9th Cir.1986) ("We hold that the district court should have abstained from hearing this action on the merits under the doctrine of *Younger* ...."); *see also News–Journal Corp. v. Foxman*, 939 F.2d 1499, 1511 (11th Cir.1991) ("Any substantive commentary and analysis is inconsistent with abstention ... based on *Younger*.").

■ The Supreme Court articulated a three-prong test for determining whether a federal court must abstain from hearing a suit under *Younger* in *Middlesex*, 457 U.S. at 432, 102 S.Ct. 2515. According to the *Middlesex* test, a federal court must abstain and dismiss a suit if deciding the merits of the suit would interfere with a state proceeding and that state proceeding, first, is ongoing, second, implicates important state interests, and, third, provides an adequate opportunity to raise federal questions. *See id.; Mission Oaks Mobile Home Park v. City of Hollister*, 989 F.2d 359, 360 (9th Cir.1993); *Fresh Int'l Corp.*, 805 F.2d at 1357–58.[2]

The Association argues that this case does not satisfy the third prong of the *Middlesex* test because, although the Association may admittedly raise its claim

2. We review de novo a district court's decision to abstain under *Younger*. *See Delta Dental Plan, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir.1998); *Fresh Int'l Corp.*, 805 F.2d at 1356 & n. 2.

3. We note, however, that this issue is often raised. Just this Term, for instance, several Justices of the United States Supreme Court questioned the California courts' "willingness to hold state administrators to the Fifth Amendment standards set forth by th[at] tribunal." *Lambert v. City and County of San Francisco*, — U.S. —, —, 120 S.Ct. 1549,

under the federal Takings Clause in California's courts, those courts do not permit plaintiffs to instigate inverse condemnation proceedings to redress uncompensated takings and thus do not grant the appropriate remedy guaranteed by federal law. According to the Association, the Supreme Court held in *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), that the remedy of inverse condemnation is constitutionally required.

### III

■ We need not consider whether California's courts would provide the Association an adequate forum for vindicating its rights under the federal Takings Clause,[3] because the Association's lawsuit under state law is no longer ongoing in California's courts. The essential factual predicate of the district court's decision to abstain is now absent, for there are no longer any "pending" state court proceedings with which the district court's exercise of jurisdiction could possibly cause any "interference." *Middlesex*, 457 U.S. at 431, 102 S.Ct. 2515 ("*Younger* ... and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."). Because materially changed circumstances have rendered moot the district court's reasons for abstaining and dismissing the Association's federal lawsuit, we are disposed to vacate the district court's order. *Cf. Citizens Po-*

1551, 146 L.Ed.2d 360 (2000) (Scalia, J., with Kennedy and Thomas, JJ., dissenting from denial of certiorari). " '[T]he California appellate courts ha[ve] reacted to the Supreme Court's decisions in *First English Evangelical Lutheran Church v. County of Los Angeles* and *Nollan v. California Coastal Comm'n* by seeking ways to evade their evident mandate, either procedurally or substantively.' " *Id.* at —, 120 S.Ct. at 1551–52 (quoting M. Berger, *Recent Developments in the Law of Inverse Condemnation*, Q203 ALI–ABA Video Law Review Study 1, 4 (1991)) (citations omitted).

tawatomi Nation v. Freeman, No. 96–6279, 1997 WL 235624, 113 F.3d 1245 (10th Cir.1997) (unpublished disposition) (vacating the district court's abstention order in light of the fact that the previously pending state court litigation had proceeded through disposition by the state's highest court during the pendency of the federal appeal).

We do not believe that our decision in Beltran v. California, 871 F.2d 777 (9th Cir.1988), precludes us from doing so. In Beltran, we repudiated a district court's effort to avoid abstaining under Younger by withholding judgment on the merits until the parallel state litigation was concluded. The plaintiffs in Beltran brought a claim in California's Agricultural Labor Relations Board ("ALRB"), and sought review of the ALRB's ruling in the Court of Appeal, which dismissed, and in the California Supreme Court, which also dismissed. While the case was pending before the state courts, the Beltran plaintiffs brought a federal suit on a federal constitutional claim. Unlike the district court in the case presently before us, the district court in Beltran initially refused to abstain under Younger (and never dismissed the case). The court simply withheld summary judgment for the plaintiffs until the state court proceedings were completed. On appeal, we held that the district court should have abstained and dismissed the federal suit immediately:

> The district court held that "[t]he termination of all pending litigation between the parties in other forums renders moot the arguments presented by the parties urging this court to abstain from decision." This reasoning is incorrect.
>
> In Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir.1987), . . . this court rejected a similar argument. In Kitchens, certain defendants argued that, because the state court proceedings had ended prior to the district court's decision to abstain, there were no "ongoing" state court proceedings from which to abstain. . . . .

> . . .
>
> Although the state court proceedings were completed by the time the district court granted summary judgment, and an abstention order in this case may result simply in the appellees['] refiling their federal complaint, this outcome is required by Younger. Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires a dismissal of the action.

Id. at 782. In this case, the district court did what we required in Beltran and approved in Kitchens: It abstained in favor of the state litigation that was ongoing when the federal claim was filed and dismissed the federal lawsuit without hesitation. The district court's timely dismissal of the Association's federal lawsuit precluded any federal interference-real or perceived-with the California courts' consideration of the Association's state law claims. Younger and its progeny require nothing more. See Marks v. Stinson, 19 F.3d 873, 882 (3d Cir.1994) ("A federal court will only consider Younger abstention when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings.") (citing Middlesex, 457 U.S. at 431, 102 S.Ct. 2515).

Because the values of comity, federalism, and judicial economy underlying Younger would not be advanced by our continuing to abstain from hearing the Association's federal claims now that California's courts have concluded their consideration of the Association's analogous state law claims, we vacate the district court's order dismissing this case and remand in light of changed circumstances.

VACATED and REMANDED. Each party shall bear its own costs.