Aspen GREEN; Neale Allen, Jon Michael; Dorita Brady; Wallace L. Craig; Judy Lester, Residents and Qualified Electors in Tortolita, Plaintiffs–Appellants,

v.

CITY OF TUCSON, an Arizona municipal corporation, Defendant–Appellee.

No. 99–15625.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2000

Filed July 6, 2000

■■■■■■■

William J. Risner, Risner & Graham, Tucson, Arizona; Anthony B. Ching, Tempe, Arizona, for the plaintiffs-appellants.

Dennis P. McLaughlin, Principal Assistant City Attorney, Tucson, Arizona; Paul G. Ulrich, Ulrich, Kessler, & Anger, P.C., Phoenix, Arizona, for the defendant-appellee.

Before: LEAVY, T.G. NELSON, and HAWKINS, Circuit Judges.

LEAVY, Circuit Judge:

The plaintiffs appeal the dismissal of their 42 U.S.C. § 1983 action against the City of Tucson. The district court found that abstention under the *Younger* doctrine was required. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## FACTS

In 1961, the Arizona legislature enacted Arizona Revised Statute § 9–101.01 which provides that a territory within six miles of an incorporated city or town having a pop-

ulation of five thousand or more cannot be incorporated without the consent of the city or town. In 1997, the Arizona legislature passed a two-year suspension of Section 9–101.01 in Pima County only. The City of Tucson, which is in Pima County, promptly filed an action in state court against the State of Arizona asserting that the 1997 suspension statute was unconstitutional under Arizona law. The Arizona Court of Appeals declared that the 1997 suspension statute was unconstitutional as a special and local law that violated Article 4, Part 2, Section 19 of the Arizona Constitution. That case was remanded to the superior court for further proceedings. *City of Tucson v. Woods*, 191 Ariz. 523, 959 P.2d 394, 403 (1997).

On remand, the superior court considered the counterclaims of various individuals who asserted that Section 9–101.01 was unconstitutional because it impermissibly burdened the right to vote. While consideration of the counterclaims was still pending in the superior court, different individuals (the plaintiffs in this case) filed the present § 1983 action in the federal district court alleging that Section 9–101.01 unconstitutionally infringed upon fundamental rights in violation of the equal protection clause and due process clause of the Fourteenth Amendment. The district court ordered the plaintiffs' § 1983 action dismissed without prejudice "because of the existence of state proceedings in which important state interests are implicated and in which plaintiffs are afforded an adequate opportunity to raise their constitutional challenges." The plaintiffs timely appealed.

## STANDARD OF REVIEW

■ Whether a case meets the requirements for abstention is a question of law that we review de novo. *Mission Oaks Mobile Home Park v. City of Hollister*, 989 F.2d 359, 360 (9th Cir.1993).

## ANALYSIS

■ *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), sets forth an abstention doctrine which "embodies 'a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Mission Oaks Mobile Home Park*, 989 F.2d at 360 (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). "*Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir.2000). When a court determines that all three requirements for *Younger* abstention are present, the case must be dismissed. *See Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir.1998).

■ The first requirement that state proceedings are ongoing is satisfied because the state action concerning the constitutionality of Section 9–101.01 was pending when the present action was filed. Secondly, important state interests are implicated. *See San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1104 (9th Cir.1998) (municipal interests in land-use regulation qualify as important "state" interests for purposes of *Younger* abstention). The third requirement is the subject of dispute in this case: whether the state proceedings provide the plaintiffs with an adequate opportunity to raise their federal claims. The plaintiffs argue that they are non-parties to the state action and should not be required to intervene in the state action in order to have their federal claims heard.

Plaintiffs cite *Hoover v. Wagner*, 47 F.3d 845, 848 (7th Cir.1995): "[N]othing in Younger or the cases following it suggests that persons claiming a violation of their federal rights have an obligation before turning to federal court to see whether there is some state court proceeding that

they might join in order to present their federal claims there." The plaintiffs in *Hoover* were a journalist and two demonstrators who brought a § 1983 action seeking declaratory and injunctive relief from possible (not actual) prosecution for violating a state court injunction. The Seventh Circuit held that the *Younger* decision itself did not require dismissal; nevertheless, the court affirmed the dismissal of the § 1983 action. The court held that it would be an abuse of discretion, "in light of the principles of equity and comity that underlie Younger," for a federal district court to grant the declaratory and injunctive relief sought by the plaintiffs. *Hoover*, 47 F.3d at 851. We believe that the Seventh Circuit correctly concluded that the suit was "an inappropriate invocation of the equity powers of the federal courts." *Id.*

We affirm the dismissal of the plaintiffs' action pursuant to *Younger* because the plaintiffs had an adequate opportunity to intervene in the state proceedings to have their federal claims heard. *See Delta Dental*, 139 F.3d at 1294–95. This opportunity clearly was available when the claims in the actions before the state and federal courts presented the identical question—the constitutionality of Section 9–101.01. The plaintiffs have requested that the federal district court declare that this statute is in violation of the United States Constitution. The values of comity, federalism, and judicial economy underlying Younger require dismissal.[1]

Plaintiffs also argue that *Younger* abstention is inappropriate when fundamental rights such as voting rights are involved, citing *Benavidez v. Fong Eu*, 34 F.3d 825, 832 (9th Cir.1994). However, *Benavidez* is distinguishable from the present case because no additional parties in *Benavidez* were allowed to intervene in the state action challenging a voting redis-

tricting plan, therefore the plaintiffs had no adequate opportunity to raise their federal claims. *See id.* at 831–32. The record in this case discloses that several of the federal plaintiffs sought voluntary dismissal and were allowed to intervene as counterclaimants in the Arizona state action, therefore the plaintiffs had an adequate opportunity to have their federal claims heard.

AFFIRMED.

---

1. *Cf. Montclair Parkowners Ass'n v. City of Montclair*, 211 F.3d 1144 (9th Cir.2000) (where state action was filed *after* federal action, and state action was later concluded, values of comity, federalism, and judicial economy underlying *Younger* do not require dismissal).