Clayborn **ROBERTS**, Petitioner,

v.

Lori **DICARLO**, Warden, Respondent.

No. CV 03–6740 GAF (FMO).

United States District Court,
C.D. California.

Dec. 10, 2003.

Clayborn Roberts aka Clay Roberts, Chino, CA, for Petitioner (pro se).

J. Michael Lehmann, Deputy Attorney General, Los Angeles, CA, Counsel for Respondents.

## ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

FEESS, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation and the objections to the Report and Recommendation. After having made a *de novo* determination of the portions of the Report and Recommendation to which objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action without prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein by United States mail on petitioner and on counsel for respondent.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

OLGUIN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Gary A. Feess, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

## INTRODUCTION

Petitioner, a California state prisoner proceeding *pro se*, filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Petition"), pursuant to 28 U.S.C. § 2254, on September 18, 2003. On October 10, 2003, respondent filed a Motion To Dismiss ("Motion"), arguing that the court should abstain from entertaining the Petition because petitioner has not completed his state court direct appeal, and that the court lacks jurisdiction over the Petition because petitioner's claims are unexhausted. Petitioner filed an Opposition ("Opposition") on October 24, 2003. Respondent filed her Reply ("Reply") on November 4, 2003.

## PRIOR PROCEEDINGS

On December 26, 2001, a jury in Los Angeles Superior Court convicted petitioner of two counts of petty theft with a prior conviction (Cal.Penal Code § 666) and two counts of second degree burglary (Cal.Penal Code § 459). (Motion, Exh. A at 11). Petitioner was sentenced to a term of five years and four months in state prison. (*Id.*). On May 5, 2002, petitioner field a notice of appeal. (Motion, Exh. B).

On September 13, 2003, the California Court of Appeal ordered that petitioner's appellate counsel be relieved and new counsel appointed by the California Appellate Project ("CAP"), (Motion, Exh. C). The court of appeal vacated the argument, and requested that CAP recommend new counsel for the court to appoint. (*Id.*). New appellate counsel was appointed on September 23, 2003. (Reply, Exh. A at 7). Petitioner's new appellate counsel filed a Reply brief on October 23, 2003. (*Id.*).

Petitioner also appears to have filed a number of petitions for collateral relief in California state court.[1] (*See* Petition at 4–5; Opposition at 5–10). On December 18, 2002, the California Court of Appeal denied petitioner's habeas petition, noting that his appellate counsel "has exclusive control as to which issues are raised on direct appeal and in a collateral habeas corpus petition." (Opposition, Exh. J). On June 11, 2003, the California Supreme Court denied a habeas petition filed by petitioner. (*Id.*, Exh. K).

The instant Petition was filed on September 18, 2003.

## PETITIONER'S CONTENTIONS

Petitioner raises the following grounds for relief:

1. The trial court improperly enhanced petitioner's sentence based upon a "constitutionally infirm" prior conviction. (Petition at 7).

2. Petitioner was denied effective assistance of trial counsel. (*Id.*)

3. Petitioner was coerced into waiving his right to trial and confrontation of witnesses. (*Id.* at 8).

4. Petitioner was unconstitutionally denied transcripts of court proceedings and an evidentiary hearing. (*Id.*).

5. Petitioner was denied ineffective assistance of counsel with respect to a 1998 criminal conviction. (*Id.* at 8–9).

## DISCUSSION

### I. YOUNGER ABSTENTION.

Respondent contends that the nature of the relief sought by the Petition would require this court to interfere with ongoing proceedings in the state court. (Motion at 4–7). Respondent argues that, under the circumstances, principles of federalism and comity require this court to abstain from considering the merits of the Petition under *Younger v. Harris*, 401 U.S. 37, 91

---

1. Neither party submitted copies of petitioner's state court petitions for collateral relief.

S.Ct. 746, 27 L.Ed.2d 669 (1971), given that petitioner's state court direct appeal is still pending. (*Id.* at 5–6 & 7; Opposition at 3–4 & Exh. A at 7).

■■■ Under the *Younger* abstention doctrine, federal courts may not, absent extraordinary circumstances, stay or enjoin pending state criminal proceedings. *Younger,* 401 U.S. at 45–46, 91 S.Ct. 746; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings"); *Kenneally v. Lungren,* 967 F.2d 329, 331 (9th Cir.1992); *World Famous Drinking Emporium, Inc. v. City of Tempe,* 820 F.2d 1079, 1081 (9th Cir.1987) ("[w]hen a case falls within the proscription of *Younger,* a district court must dismiss the federal action.") (citation omitted). *Younger* abstention is required if the state proceedings are (1) ongoing; (2) implicate important state interests; and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco,* 268 F.3d 791, 799 (9th Cir.2001) (citation omitted). All three of the *Younger* criteria are satisfied here. First, petitioner's direct appeal in California state court is "ongoing" in that petitioner was awaiting the state court of appeal's decision at the time he filed the Petition. *See Columbia Basin Apartment Ass'n,* 268 F.3d at 801 (under the first prong of the *Younger* test, state proceedings are deemed ongoing if the state court suit was pending at the time of the federal suit's filing); *Green v. City of Tucson,* 217 F.3d 1081, 1083 (9th Cir.2000).

Second, the state has an important interest in passing upon and correcting violations of a defendant's rights. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir.2003) (citing *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*per curiam* )). Third, petitioner has an adequate state forum in which to pursue his claim if the court of appeal affirms his conviction. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary").

■■■ Because the *Younger* requirements are satisfied in the present case, abstention is required unless extraordinary circumstances exist. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 n. 22, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (*Younger* abstention is not discretionary once the conditions are met). Petitioner has not made any showing of extraordinary circumstances indicating that he will suffer irreparable harm if the court abstains until after he has completed his direct appeal. *See Younger,* 401 U.S. at 45–46, 91 S.Ct. at 751; *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir.1972). Petitioner asserts that the state court's delay in deciding his direct appeal warrants this court's "waive[r]" of the exhaustion requirement. (Opposition at 4). Although his direct appeal has been pending for over 17 months, petitioner's counsel requested and received several extensions of time to file both the opening and reply briefs. (Reply, Exh. A at 5–7). In addition, it was petitioner who requested that his appellate counsel be relieved. (Opposition at 7 & Exhs. B, F & I). Thus, it appears that the delay of which petitioner complains can be attributed to his appellate counsel's actions as well as petitioner's desire to have his appellate counsel replaced.

In short, the court concludes that *Younger* abstention is appropriate in this case. However, the recommended disposition of

the case does not bar federal review in the future; rather, it delays consideration of the claim until such time as federal review will not disrupt the state judicial process. *Neville v. Cavanagh*, 611 F.2d 673, 675–76 (7th Cir.1979)

## II. PETITIONER HAS NOT EX- HAUSTED HIS STATE REME- DIES.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Where a federal habeas corpus petition includes some issues which have been fully exhausted in state court proceedings, and some which have not, the court must dismiss the entire petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir.1983).

■■■ A petitioner has satisfied the exhaustion requirement if he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *accord Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *see Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir.1998). A claim is fairly presented when the petitioner has described to the state courts not only the operative facts upon which the claim is based, but also the specific federal constitutional right allegedly violated. *See Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the

prisoners are asserting claims under the United States Constitution"); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court").

■■■ It is not enough that all of the facts necessary to support the federal claim were before the state court or that a similar state law claim was made. A federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon the federal constitutional claim. *Anderson*, 459 U.S. at 6, 103 S.Ct. at 277 (citing *Picard*, 404 U.S. at 276–77, 92 S.Ct. at 512–13); *Reese v. Baldwin*, 282 F.3d 1184, 1190 (9th Cir.2002), *cert. granted*, — U.S. ——, 123 S.Ct. 2213, 155 L.Ed.2d 1104 (2003). The petitioner must reference specific provisions of the federal constitution, federal statute, or federal case law. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir.2000), *amended*, 247 F.3d 904 (9th Cir.2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. *See Gray v. Netherland*, 518 U.S. 152, 163, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996). However, "a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.2003) (*en banc* ).

■■■ In addition, "[t]o exhaust a claim in the state courts, a habeas petitioner must ... present that claim to the state's highest court, even if that court has discretionary control over its docket." *Reese*, 282 F.3d at 1191. "A request to a lower court alone is not sufficient to exhaust prospects of state court relief on a federal

claim. To exhaust requires that the highest state court must be alerted to the specifically federal nature of the claim presented." *Id.*

 Here, petitioner did not attach a copy of the petition he filed in the California Supreme Court and, therefore, the court has no basis to determine whether he has exhausted his claims. In any event, even assuming petitioner had exhausted his state remedies, dismissal would still be appropriate because appellate proceedings in petitioner's case have not yet been completed. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir.1983) ("When ... an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *Murphy v. Wilson,* 409 F.2d 840, 841 (9th Cir.1969) (exhaustion requirement not satisfied until the state appeal proceedings have been completed and a final state judgment has been entered); *Drury,* 457 F.2d at 765 (exhaustion of federal issue insufficient if criminal proceedings through direct appeal not yet complete).

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the District Court issue an Order:

(1) accepting and adopting this Report and Recommendation;

(2) **granting** respondent's Motion to Dismiss (**Document No. 7–1**); and

(3) directing that Judgment be entered dismissing this action without prejudice. November 10, 2003.