Anthony TREVINO, Petitioner–Appellant,

v.

K.W. PRUNTY, Warden, Respondent–Appellee.

No. 04–56287.

D.C. No. CV–94–01913–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Nov. 15, 2005.

---

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Johnson,* 357 F.3d 980, 983 (9th Cir.2004) (setting forth the standard of review).

2. 235 F.3d 1173 (9th Cir.2000).

3. *Id.* at 1179.

Before REINHARDT, KOZINSKI and BERZON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

MEMORANDUM *

Petitioner properly moved to withdraw his unexhausted claim from his pro se federal habeas petition, *see Szeto v. Rushen,* 709 F.2d 1340, 1341 (9th Cir.1983), but the magistrate judge never acted on the motion, or even acknowledged it. Instead, the district court dismissed his petition as mixed. Petitioner then secured counsel and moved for reconsideration, but the district court denied relief and instructed him that "[d]ocuments filed by petitioner since the closing date will be disregarded and no orders will issue in response to future filings." Petitioner reasonably believed that this order barred him from filing a notice of appeal or a fully-exhausted amended petition.

Despite efforts by petitioner's family to spur counsel to action, counsel allowed the AEDPA statute of limitations period to run, frittered away five years without taking any action on petitioner's behalf and withdrew as petitioner's attorney. Petitioner then secured a second attorney, who did nothing for approximately two additional years.

The district court's failure to respond to petitioner's filings, its misleading command not to file any additional pleadings, the incompetence of petitioner's first attorney and the inaction of petitioner's second attorney constitute "extraordinary circumstances" sufficient to justify Fed.R.Civ.P. Rule 60(b)(6) relief. *See Community Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir.2002). Petitioner's motion to amend his original petition should have been granted. On remand, his amended petition should be considered on the merits.

**REVERSED AND REMANDED.**

of this circuit except as provided by Ninth Circuit Rule 36–3.

BERZON, Circuit Judge, specially concurring.

I agree with the majority's assumption that the district court correctly treated Trevino's February 5, 2004 filing as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), and I agree that we should not affirm the denial of that motion. A review of the procedural posture of this case, however, leads me to conclude that we should refrain from deciding whether the district court abused its discretion in deciding the merits of the Rule 60(b)(6) motion. Instead, I would order a remand to allow the district judge to reconsider her May 21, 2004 ruling in light of the subsequently submitted declaration of petitioner's mother.

This court reviews a district court's denial of a Rule 60(b) motion for an abuse of discretion and "we will reverse only upon a *clear showing* of abuse of discretion." *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir.1989) (internal quotation marks omitted). I very much doubt that the district judge abused her discretion in this case on the record before her when she issued her decision.

However, the district court did not have before her at that time the most probing evidence supporting the petitioner's Rule 60(b)(6) motion. *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168–69 (9th Cir. 2002). The record indicates that following the May 21, 2004 denial of the Motion for Relief from Judgment, Trevino's attorney submitted a Motion for Reconsideration along with a declaration from Trevino's mother, Patricia Gutierrez. In her declaration, Ms. Gutierrez spelled out in great detail the substantial efforts she took on behalf of her son to communicate with his remarkably deficient counsel. After her more than one hundred attempts to contact his attorney between 1995 and 2001 were met with false assurances and duplicitous responses, Ms. Gutierrez employed the services of a second appellate lawyer, and then a third. According to her declaration, it was not until 2003, when Ms. Gutierrez retained current appellate counsel, that she even became aware that the Antiterrorism and Effective Death Penalty Act had changed the landscape of federal habeas law and would significantly impair her son's ability to obtain relief.

The district court was sufficiently influenced by the substance of Trevino's Motion for Reconsideration and Ms. Gutierrez's declaration to order a response by the state of California. Three days after that order was filed, however, Trevino's attorney filed a Notice of Appeal, depriving the district court of jurisdiction to consider the motion for reconsideration. *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir.2004). Finding jurisdiction lacking, the district judge dismissed the Motion for Reconsideration without passing on the merits or commenting on the newly filed declaration, noting only that she was disinclined to entertain the motion "[b]ecause the appeals process has already begun and petitioner has provided no specific reason for terminating the appeal in favor of further reconsideration."

I agree with the majority that Trevino suffered from distressingly incompetent counsel. I do not think it appropriate in this appeal, however, to conclude that the district court abused its discretion in concluding that this incompetence did not rise to the level of "extraordinary circumstances" required by Rule 60(b). *Cf. Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (finding similar attorney misconduct to be sufficiently egregious to satisfy the extraordinary circumstances necessary to warrant equitable tolling under AEDPA). Nor should we decide in the first instance that the present motion was filed within a "reasonable time" from the point at which these extraordinary circumstances became evident, as Rule 60 requires. For all we

know, given the opportunity fully to consider Ms. Gutierrez's declaration, the district judge would have ruled that Trevino was entitled to Rule 60(b) relief. If she had, this case would present an entirely different question—whether *granting* Rule 60(b)(6) relief on the available record, *including* the mother's declaration, would be an abuse of discretion.

Accordingly, in my view the proper resolution would be to remand the case to the district court to enable the district judge to consider this critical evidence in the first instance. I would so order.