**Guadalupe BELTRAN, et al., Plaintiff–Appellee,**

v.

**STATE OF CALIFORNIA, Defendant–Appellant,**

and

**United Farm Workers of America, AFL–CIO, an unincorporated association, Defendant–Appellant.**

**Nos. 87–5942, 87–5943.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 2, 1988.

Decided Sept. 9, 1988.

As Amended on Denial of Rehearing March 30, 1989.

**778**

Cathy Christian and Manuel M. Medeiros, Deputy Atty. Gens., Dianna Lyons, Lyons, Macri–Ortiz, Schneider, Dunphy & Camacho, Sacramento, Cal., for defendant-appellant.

Robert F. Gore, Springfield, Va., for plaintiff-appellee.

Before HALL and LEAVY, Circuit Judges, and CARROLL, District Judge.[*]

[*] The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Defendants-appellants, the State of California and the United Farm Workers of America, appeal the district court's grant of summary judgment in favor of plaintiffs-appellees Guadalupe Beltran, et al. Appellees brought this action seeking, in part, a declaratory judgment that section 1153(c) of the California Agricultural Labor Relations Act ("ALRA"), Cal.Lab.Code § 1153(c) (West 1988), is an unconstitutional abridgement of their first amendment rights of speech and association.

The district court granted appellees' motion for summary judgment, holding that section 1153(c) was unconstitutional on its face. In so holding, the district court refused to abstain under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and ruled that principles of res judicata did not bar appellees' constitutional claim.

This court granted permission to file this appeal pursuant to 28 U.S.C. § 1292(b).

I

The parties stipulated to the facts for purposes of summary judgment. Those facts relevant to our discussion of this appeal are as follows. In January 1979, the collective bargaining agreement expired between Sun Harvest, Inc., an agricultural employer within the meaning of the ALRA, and the United Farm Workers of America ("UFW"), the certified exclusive bargaining representative for the agricultural employees of Sun Harvest. The parties were unable to agree on a new contract. After a valid strike vote and pursuant to its constitution, the UFW commenced a lawful economic strike against Sun Harvest on January 15. At the time of the strike, all of the appellees, Guadalupe Beltran, Cecilia Salinas, George, Ronald and Michael Moses, and Severo Pasillas were employed with Sun Harvest. They also were members of the UFW.

All of the appellees initially respected the UFW picket lines. However, appellees George, Ronald, and Michael Moses abandoned the strike in March, April, and July 1979, respectively, and returned to work at Sun Harvest. Appellees Beltran, Salinas, and Pasillas crossed the picket line and returned to work in June 1979. None of the plaintiffs resigned or attempted to resign from membership in the UFW before crossing the picket line and returning to work.

On September 5, 1979, Sun Harvest and the UFW agreed upon a new collective bargaining agreement. The union security provisions of the agreement provided in part:

ARTICLE 2—UNION SECURITY

A. Union membership shall be a condition of employment. Each worker shall be required to become a member of Union immediately following five (5) continual days after the beginning of employment, or five (5) days from the date of the signing of this Agreement, whichever is later; and to remain a member of the Union in good standing. Union shall be the sole judge of the good standing of its members. Any worker who fails to become a member of the Union within the time limit set forth herein, or who fails to pay the required initiation fee, periodic dues or regularly authorized assessments as prescribed by Union, or who has been determined to be in bad standing by the Union pursuant to the provisions of the Union's constitution, shall be immediately discharged or suspended upon written notice from the Union to the Company, and shall not be reemployed until written notice from the Union to the company of the worker's good standing status.

This term was nearly identical to the union security provision in the 1976 Sun

Harvest/UFW agreement and was similar to language in the 1970 agreement.

In October and November 1979, each of the appellees was tried by UFW Ranch Committees for violating the UFW constitution during the strike. In particular, appellees were charged with "working without Union authorization during the period of an approved strike for a Ranch which is being struck by the Union" and "crossing an authorized Union picket line." Each was found guilty and expelled from membership in the UFW.

Each of the appellees, except Pasillas, appealed his expulsion to the UFW's National Executive Board which reduced the punishment to one- or two-year suspensions.[1] Subsequently, the UFW informed Sun Harvest that each was considered to be in "bad standing" with the union and demanded that each be discharged. Sun Harvest complied and discharged the remaining appellees in January 1980.[2]

On February 14, 1980, appellees filed an action in the Superior Court for Imperial County, California seeking, in part, a declaration that California Labor Code section 1153(c) violated their first amendment rights of speech and association. Section 1153 provides in part:

It shall be an unfair labor practice for an agricultural employer to do any of the following:

. . . . .

(c) By discrimination in regard to the hiring or tenure of employment, or any term or condition of employment, to encourage or discourage membership in any labor organization.

Nothing in this part, or in any other statute of this state, shall preclude an agricultural employer from making an agreement with a labor organization ...

---

**1.** After the time limit for appeal to the National Executive Board expired, the UFW notified Sun Harvest that Pasillas was no longer a member of the UFW and should be discharged. Sun Harvest complied and Pasillas was discharged in November 1979.

**2.** In January 1981, the UFW discontinued the suspensions of appellees Ronald and Michael

Moses, Beltran and Salinas. Only Beltran and Salinas, however, returned to work at Sun Harvest. In January 1982, the UFW discontinued the suspension of George Moses, who also did not return to work at Sun Harvest. Pasillas has not returned to work at Sun Harvest since his discharge in 1979.

to require as a condition of employment membership therein.... For purposes of this chapter, membership shall mean the satisfaction of all reasonable terms and conditions uniformly applicable to other members in good standing; provided, that such membership shall not be denied or terminated except in compliance with a constitution or bylaws which afford full and fair rights to speech, assembly, and equal voting and membership privileges for all members, and which contain adequate procedures to assure due process to members and applicants for membership.

Cal.Lab.Code § 1153 (West 1988).

The basis of appellees' constitutional claim, both in the Superior Court and here, is that section 1153(c) authorized agricultural employers and certified labor unions to negotiate union security agreements requiring members not merely to pay dues, but to remain in good standing, as determined by the union, to retain employment. By authorizing such a provision, appellees allege, the state unconstitutionally abridges their freedoms of speech and association. The Superior Court ruled that appellees' action was within the exclusive jurisdiction of the Agricultural Labor Relations Board ("ALRB"). The court did not dismiss the complaint, however, but instead waited for a narrowing construction of section 1153(c).

Appellees George, Michael, and Ronald Moses, Beltran, and Salinas filed unfair labor practice charges with the ALRB. They charged, in part, that UFW and Sun Harvest violated the ALRA by entering into a collective bargaining agreement containing a "formal membership" clause, which allowed the discharge of appellees for reasons other than a failure to pay dues

and fees used solely for purposes of collective bargaining. The General Counsel for the ALRB dismissed these charges, and the ALRB upheld the validity of section 1153(c) on the ground that the California legislature did not intend to make an unfair labor practice the discharge of appellees for reasons other than the failure to pay dues and fees. *Id.*

Appellee Pasillas also filed unfair labor practice charges in November 1979. Subsequently, he added additional charges in April 1980 to also challenge the "formal membership" clause. On July 8, 1980, the General Counsel for the ALRB dismissed these latter charges on the same grounds as the identical charges of the other appellees. On December 30, 1982, the ALRB upheld Pasillas' discharge based on his failure to exhaust internal union remedies afforded him by the UFW constitution. *United Farm Workers of America (Pasillas),* 8 ALRB No. 103 (December 30, 1982). The ALRB, although acknowledging it lacked statutory authority to rule on Pasillas' constitutional challenge to section 1153(c), nevertheless expressed its view that section 1153(c) was constitutional. *Id.*[3]

Appellees sought review of the ALRB's decisions by the California Court of Appeal. On January 18, 1984, the court of appeals granted Pasillas' petition for writ of review and oral argument was held on February 15, 1984. On May 24, 1984, the court of appeal affirmed the ARLB's decision and rejected Pasillas' constitutional claim on the basis that there was no state action. *Pasillas v. ALRB,* 156 Cal.App.3d 312, 202 Cal.Rptr. 739 (1984). That court denied Pasillas' petition for rehearing. The California Supreme Court denied his petition for a hearing. The United States Supreme

---

**3.** While the appellees' cases were pending before the ALRB, appellees pursued their civil action in the Superior Court for Imperial County. In November 1980 and March 1982, appellees sought summary judgment on their constitutional claim. Both motions were denied on the basis that the issue was within the exclusive jurisdiction of the ALRB. After the denial of the second motion in July 1982, appellees sought review by way of writs of mandate filed first with the California Court of Appeals and

then the California Supreme Court. Both writs were denied on September 2, 1980 and October 20, 1982, respectively.

Subsequently, on January 12, 1983, appellees filed an at-issue memorandum seeking to set a trial date in the Superior Court. The UFW moved to strike the memorandum and the court granted its motion again on the basis that the matter was within the exclusive jurisdiction of the ALRB.

Court dismissed Pasillas' appeal for want of jurisdiction. *Pasillas v. ALRB*, 469 U.S. 1145, 105 S.Ct. 890, 83 L.Ed.2d 906 (1985).

The remaining appellees filed their opening briefs in support of their petition for a writ of review on February 8, 1984. The California Court of Appeal denied the petition without elaboration. *Moses v. ALRB*, 4 Civil No. 31129, D000959 (Cal.Ct.App. May 13, 1985). This case was not appealed further.

In the midst of these state proceedings, on April 15, 1983, appellees filed the instant action in federal court seeking, in part, a declaratory judgment on their constitutional claim. Appellants argued that the district court should abstain from interfering in ongoing state proceedings and should dismiss the action, relying in part on the *Younger* abstention doctrine. The district court refused to abstain and dismiss the complaint as required by *Younger*, and proceeded to grant summary judgment in favor of the appellees. *Beltran v. California*, 617 F.Supp. 948 (S.D.Cal.1985).

## II

We review *de novo* the district court's refusal to abstain under *Younger*. *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir.1987); *Fresh Int'l Corp. v. Agricultural Labor Relations Board*, 805 F.2d 1353, 1356 & n. 2 (9th Cir.1987).

*Younger* abstention embodies "a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2520, 73 L.Ed.2d 116 (1982). In *Fresh Int'l*, 805 F.2d at 1357–58, we summarized the requirements of *Younger* abstention:

> Under the three-pronged test announced by the Supreme Court in *Middlesex* and applied in [*Ohio Civil Rights Comm'n v.*] *Dayton* [*Christian Schools, Inc.*, 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986)], abstention is appropriate in favor of a state proceeding if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.

(citations omitted). This case meets each requirement. Consequently, we hold that the district court erred in refusing to abstain. We consider each criterion in turn.

### A

It is undisputed that ALRB[4] and state appellate court proceedings concerning appellees' constitutional claim were ongoing at the time the federal complaint was filed. Further, the appeals of the ALRB's decisions respecting the appellees were still ongoing when appellants asked the district court to abstain on the basis of *Younger*.[5]

---

**4.** *Fresh Int'l* overruled *Martori Bros. Distributors v. James–Massengale*, 781 F.2d 1349 (9th Cir.), *modified*, 791 F.2d 799 (9th Cir.), *cert. denied*, 479 U.S. 1018, 479 U.S. 949, 107 S.Ct. 670, 107 S.Ct. 435, 93 L.Ed.2d 722, 93 L.Ed.2d 385 (1986), which held that ALRB proceedings were not "judicial." *Fresh Int'l*, 805 F.2d at 1357 & n. 3 (overruling *Martori* in light of subsequent Supreme Court precedent).

**5.** The state and federal claims were proceeding on parallel tracks. For example, on December 8, 1983, the district court ruled that there was sufficient "state action" to subject section 1153(c) to constitutional scrutiny. On April 24, 1984, the California Court of Appeal issued its decision in *Pasillas*, holding that there was no state action to invoke constitutional scrutiny. 156 Cal.App.3d at 347, 202 Cal.Rptr. at 759.

Moreover, to illustrate the conflict between the state and federal courts in this case, the state court of appeal expressly asked the federal court to abstain. At the request of the state court of appeal, counsel for the State of California drafted a letter to the district court that stated:

> During oral argument [before the state court of appeal] Pasillas' attorney Robert Gore made reference to its federal court proceeding. The Court of Appeal expressed its surprise at the existence of the federal action and asked if the parties had asked the Federal Court to abstain pending the State Court's review of the State statute.... When informed that such an argument had been made, the Justices of the Court of Appeal asked counsel to inform the Federal Court that petitioner's constitutional challenge to [the] ALRA was before the State Appellate Court and that the Court was taking the matter under submission as of the date of oral argument, which was February 15, 1984.

After receiving this letter and hearing argument, the district court did indeed abstain but did not dismiss the complaint. Instead, the district

Appellees' only argument in this regard is that the ongoing state proceedings "did not involve the constitutionality of § 1153(c)." Brief for Appellees at 37. This contention, however, is without merit. At the very least, appellees argued the constitutionality of section 1153(c) when they sought state court appellate review of the ALRB's decisions. Moreover, the California Court of Appeal ruled on this issue in *Pasillas v. ALRB,* 156 Cal.App.3d 312, 202 Cal.Rptr. 739 (1984).

Appellees do not attempt to defend the district court's rationale for refusing to abstain. The district court held that "[t]he termination of all pending litigation between the parties in other forums renders moot the arguments presented by the parties urging this court to abstain from decision." *Beltran,* 617 F.Supp. at 956. This reasoning is incorrect.

■ In *Kitchens v. Bowen,* 825 F.2d 1337, 1341 (9th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1109, 99 L.Ed.2d 270 (1988), this court rejected a similar argument. In *Kitchens,* certain defendants argued that, because the state court proceedings had ended prior to the district court's decision to abstain, there were no "ongoing" state court proceedings from which to abstain. We opined:

> *Fresh Int'l* suggests that the critical question is not whether the state proceedings are still 'ongoing', but whether 'the state proceedings were underway before initiation of the federal proceedings.' There is no dispute that all of the appellants were already defendants in the state court proceedings prior to the commencement of the federal action.

*Id.* In other words, *Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed. As noted above, this criteria is met.

Further, the state proceedings were ongoing when appellants first argued *Younger* abstention in the district court. Appellants were initially confused concerning the applicability of *Younger* abstention. Ap-

pellants first conceded that *Younger* was of limited applicability; however, appellants later expressly relied on *Younger.* At the very latest, appellants extensively argued in a hearing held on June 18, 1984, while the case was still in abeyance pending the *Pasillas* decision, that *Younger* abstention applied. The following day, the district court refused to abstain on *Younger* grounds and restored the case to its calendar. At that time, state court appellate proceedings were underway in both the *Moses* and *Pasillas* cases. The *Pasillas* appellate proceedings ended with the California Court of Appeal denying Pasillas's petition for rehearing on June 20, 1984, the California Supreme Court denying Pasillas's petition for hearing on August 8, 1984, and the United States Supreme Court dismissing Pasillas's appeal for want of jurisdiction on January 14, 1985. The *Moses* petition for review in the state court of appeal was denied on May 13, 1985.

■ Although the state court proceedings were completed by the time the district court granted summary judgment, and an abstention order in this case may result simply in the appellees refiling their federal complaint, this outcome is required by *Younger.* Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action. *See Gibson v. Berryhill,* 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."); *Fresh Int'l,* 805 F.2d at 1356 ("When a case falls within the proscription of *Younger,* a district court must dismiss the federal action."); 17A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4252 at 202–03 & n. 17 (2d ed. 1988). The principles which underlie *Younger* abstention, notions of comity and respect for state functions, illu-

court held the case in abeyance until the state

court of appeal issued its decision in *Pasillas.*

minate this requirement. *See Younger*, 401 U.S. at 43–45, 91 S.Ct. at 750–51; *Fresh Int'l*, 805 F.2d at 1356. By erroneously refusing to dismiss the complaint, the district court took this prohibited course of action.

**B**

The state proceedings implicated important state interests. In *Fresh Int'l*, this court held that "California's interest in protecting the collective bargaining process in the agricultural arena through enforcement of the ALRA is substantial within the meaning of *Younger*." 805 F.2d at 1360. Appellees contend only that, unlike *Fresh Int'l*, "the state proceedings at issue in this case do not involve the type of state enforcement action which justifies abstention." Brief for Appellees at 36.

Appellees' argument is unpersuasive. In *Fresh Int'l*, we wrote that "California's interest in ensuring peaceful collective bargaining and in protecting farm laborers' freedom of association, is entitled to the same respect and recognition as a state's interest in promoting fair employment practices, teacher discipline and police integrity [which have been held substantial within the meaning of *Younger*]." 805 F.2d at 1360. The state proceedings in this case fall within this ambit. Therefore, *Fresh Int'l* is controlling on this issue.[6]

**C**

Appellees had an adequate opportunity to raise their constitutional claim.

Even if Article III, section 3.5 of the California Constitution prohibited appellees from raising their federal claims before the ALRB, *see Fresh Int'l*, 805 F.2d at 1362 n. 14; *Martori Bros.*, 781 F.2d at 1354 n. 9,[7] appellees "ha[d] a full opportunity to raise their federal claims before the [California] Court of Appeal." *Id.* at 1354. We have specifically held that state appellate court review of ALRB decisions satisfies the third *Younger* requirement. *Fresh Int'l*, 805 F.2d at 1362; *see Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629, 106 S.Ct. 2718, 2724, 91 L.Ed.2d 512 (1986) ("it is sufficient ... that constitutional claims may be raised in state-court judicial review of the administrative proceeding.") Indeed, not only did appellees have an opportunity to raise their constitutional claim, but also appellees actually argued the constitutionality of section 1153(c) in the state court of appeal.[8]

REVERSED and REMANDED with instructions to dismiss.

**6.** Appellees suggested at oral argument that applying our decision in *Fresh Int'l* to the facts of this case would present a retroactivity problem. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). We are not persuaded, however, that our retroactive application of *Fresh Int'l* will " 'produce substantial inequitable results.' " *Id.* at 107, 92 S.Ct. at 355 (citation omitted).

**7.** Article III, section 3.5 of the California Constitution provides, in pertinent part:
An administrative agency ... has no power:
(b) To declare a statute unconstitutional;
(c) To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations."
Cal. Const. art. III § 3.5.

**8.** Contrary to appellees' unsupported assertion, when *Younger* abstention applies, federal plaintiffs cannot reserve their federal claim from state court adjudication for later decision by the federal court. As noted above, *Younger* abstention requires dismissal of the federal complaint. The federal plaintiff must submit all claims, including any federal claims, to the state court. *See Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973); 17A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4252 at 202–03 & n. 17 (2d ed. 1988).