9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard A. CANATELLA, Plaintiff-Appellant,
v.
Bruce JAMISON, Recorder of the City and County of San
Francisco; Michael Hennessey, Sheriff, City and County of
San Francisco; Joyce Marie Sawaya, Certified Shorthand
Reporter Inc.; Robert L. Mezzetti, II; Mezzetti Law Firm;
Susan Myers, Clerk of the Municipal Court of CA, Santa Clara
Co. Judicial District; City and County of San Francisco
Defendants-Appellees.
 No. 93-15375.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 14, 1993.
 
 Before: FERGUSON, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Richard A. Canatella appeals the district court's dismissal of his claims under 42 U.S.C. § 1983, and its denial of his motion for leave to file a second amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 STANDARDS OF REVIEW
 
 3
 The existence of subject matter jurisdiction is a question of law which we review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert denied, 496 U.S. 937 (1990). We also review de novo the district court's dismissal for failure to state a claim, Church of Scientology of Cal. v. Flynn, 744 F.2d 694, 695-96 (9th Cir.1984), and its decision to abstain under the Younger doctrine. Lebbos v. Judges of Super. Court, Santa Clara County, 883 F.2d 810, 813 (9th Cir.1989). We review for abuse of discretion the district court's denial of a motion for leave to amend after a responsive pleading has been filed. Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir.1988).
 
 DISCUSSION
 
 4
 The district court dismissed Canatella's claims against Bruce Jamison, Michael Hennessey, and their employers, the City and County of San Francisco, ruling it lacked subject matter jurisdiction and that Canatella failed to state a claim against them. Although the district court erred in basing its dismissals on these grounds, the dismissals were proper under the Younger abstention doctrine. We may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We affirm on this basis.
 
 
 5
 A court should abstain from exercising jurisdiction over a claim under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), based on "interests of comity and federalism ... whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Lebbos, 883 F.2d at 813. In particular, abstention is proper when a party challenges in federal court a state enforcement-of-judgment statute. Pennzoil v. Texaco, 481 U.S. 1, 13-14, 18 (1987).
 
 
 6
 We announced a three-part test for abstention in World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987). We said there must be "(1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings."
 
 
 7
 All three parts of the World Famous test are satisfied here. First, when the district court dismissed the claims, Canatella had filed an appeal in state court. Second, as indicated by Pennzoil, state actions to enforce judgments involve important state interests. Third, Canatella could have raised his claims in the state proceedings. See Pennzoil, 481 U.S. at 14 n. 13.
 
 
 8
 Dismissal of the claims is proper even though the state court proceeding has ended. Dismissal is proper if Younger abstention should have been exercised when the state court proceedings were ongoing. Beltran v. State of California, 871 F.2d 777, 783 (9th Cir.1988). Accordingly, we affirm the district court's dismissal of all claims against appellees Jamison, Hennessey, and City and County of San Francisco.
 
 
 9
 The district court also dismissed all of the claims against Joyce Sawaya, Robert Mezzetti and the Mezzetti law firm. All of these claims were dismissed under the Younger doctrine. In this instance, abstention was not proper, because these claims were for damages (sought under section 1983), a remedy not available to the plaintiff in the state appellate proceeding. Lebbos, 883 F.2d at 817.
 
 
 10
 Even though abstention was not appropriate, the district court nevertheless did not err in dismissing these claims against Sawaya, Mezzetti and the Mezzetti law firm. As to the claims which were based upon the state court's default judgment and sanction award, the district court lacked subject matter jurisdiction. As to these claims, the alleged constitutional violations are inextricably intertwined with the state court's decision refusing to set aside the default judgment and imposing sanctions. For the district court to entertain this constitutional challenge, in the context of the section 1983 claims, it would have to review the state court's decision. A district court lacks subject matter jurisdiction to do so. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Because the district court lacked subject matter jurisdiction over these claims, we affirm its dismissal of them.
 
 
 11
 With regard to the claims against Sawaya, Mezzetti, and the Mezzetti law firm based on the recording of the abstract of judgment, Canatella failed to allege just what concerted state action these private defendants engaged in, other than the fact that Jamison, the city/county recorder, recorded the abstract of judgment at the request of Sawaya and her counsel, a purely ministerial act. This is insufficient to allege that Sawaya and her counsel, private parties, acted in some concerted manner with the city/county recorder to deprive Canatella of his constitutional rights under 42 U.S.C. § 1983. The allegations are conclusory at best. Because the complaint "does not set forth any material facts in support of the allegations, these claims were properly dismissed." North Star International v. Arizona Corp. Com'n, 720 F.2d 578, 583 (9th Cir.1983).
 
 
 12
 The district court did not err in denying Canatella's motion for leave to file a second amended complaint. While leave to amend shall be given freely when justice so requires, futile attempts should not be permitted. Foman v. Davis, 371 U.S. 178, 182 (1962). Because no amendment of the claims against Jamison, Hennessey, and City and County of San Francisco could have survived dismissal under the abstention doctrine, any attempted amendment of the complaint would have been frivolous. As to Sawaya, Mezzetti and the Mezzetti law firm, further amendment of the complaint could not cure the defect in subject matter jurisdiction, nor could it create a section 1983 violation based upon the city/county recorder performing a purely ministerial act in recording the abstract of judgment at the request of a private party. Indeed, the second amended complaint proposed by Canatella included the same vague, general and conclusory allegations of concerted state action as did the first amended complaint. The district court did not abuse its discretion in denying leave to amend.
 
 
 13
 Appellees have requested sanctions for a frivolous appeal under Fed.R.App.P. 38. That request is denied.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3