**Raymond HOWARD; Chester Church, Plaintiffs—Appellants,**

v.

**CITY OF MILTON; et al., Defendants—Appellees.**

No. 02–35925.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Raymond Howard and Chester Church appeal pro se the dismissal of their civil rights action alleging that the City of Milton's junk vehicle ordinance is unconstitutional. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

We review de novo the district court's determination that Howard lacked standing to challenge the junk vehicle ordinance. *Columbia Basin Apartment Ass'n. v. City of Pasco,* 268 F.3d 791, 796 (9th Cir.2001). Because the evidence shows that Howard has been cited in the past for maintaining junk vehicles, and that he continued to engage in conduct proscribed by the junk vehicle ordinance, he has shown a credible threat of prosecution. *See Central Delta Water Agency v. United States,* 306 F.3d 938, 947 (9th Cir.2002) (noting that "the possibility of future injury may be sufficient to confer standing"); *Darring v. Kincheloe,* 783 F.2d 874, 877 (9th Cir. 1986) (stating that actual prosecution is not required to confer standing, and that intention to engage in course of conduct proscribed by a statute could show credible threat of prosecution). Accordingly, the district court erred by finding that Howard's injury was too speculative to confer standing. *See Central Delta,* 306 F.3d at 947; *Darring,* 783 F.2d at 877.

Because state criminal proceedings were ongoing at the time Church filed his complaint, the district court properly abstained from exercising jurisdiction under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Columbia,* 268 F.3d at 801. However, when *Younger* abstention applies, it is appropriate to dismiss the action without prejudice because the court has not addressed the merits of the action. *See Beltran v. California,* 871 F.2d 777, 782 (9th Cir.1988). Appellants' motion for remand in light of the dismissal of charges against Church is denied. *See id.* (stating that dismissal of the federal action is required, even if state court proceedings were completed at the time of the district court's decision).

In light of our remand, we vacate the district court's denial of appellants' motions for: (1) a preliminary injunction; (2) leave to file an amended complaint; and (3) reconsideration. Upon remand, the district court shall dismiss Church's claims without prejudice.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Appellants' request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Each side shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.