**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2006[*]
Decided December 15, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1578

| | |
|---|---|
| JUDY PAREJKO,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Western District of Wisconsin |
| *v.* | No. 05-C-267 |
| DUNN COUNTY CIRCUIT COURT<br>AND STATE OF WISCONSIN,<br>    *Defendants-Appellee*s. | Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

The facts relevant to this appeal are brief. Judy Parejko's husband filed for divorce in Wisconsin state court under Wisconsin's "no-fault" divorce laws, WIS. STAT. §§ 767.07, 767.12, and 767.085(4), arguing that their marriage was "irretrievably broken." Parejko, who does not want the marriage dissolved, responded with this suit in federal court challenging the constitutionality of Wisconsin's divorce laws and seeking declaratory and injunctive relief. The district court dismissed the case under the abstention principle of *Younger v. Harris*, 401 U.S. 37 (1971). We review de novo the district court's decision to abstain under

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

*Younger, Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir. 1998); *Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 294 (7th Cir. 1994), and affirm.

Although the Supreme Court has cautioned that abstention is the exception rather than the rule, *see New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358-59 (1989), the Court has also emphasized that "*Younger* . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). In *Middlesex*, the Supreme Court explained that the *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that (1) are judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate. 457 U.S. 423, 432, 437 (1982); *see also Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).

Our analysis of this case under *Middlesex* is straightforward. First, Parejko does not dispute that the state court divorce proceedings are "judicial in nature." Nor could she, given that her husband's divorce action will result in a judgment by a court of law. *See* BLACK'S LAW DICTIONARY 1241 (8th ed. 2004) (defining "judicial proceeding" as "any proceeding initiated to procure an order or decree, whether in law or in equity").

The second prong is satisfied because the federal courts have long recognized that domestic relations litigation—from marriage to divorce—is an area of significant state concern from which the federal judiciary should generally abstain under *Younger*. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (noting that "[f]amily relations are a traditional area of state concern"); *see also 31 Foster Children v. Bush*, 329 F.3d 1255, 1260, 1275 (11th Cir. 2003) (agreeing that state has important interest in its own foster care system); *Morrow v. Winslow*, 94 F.3d 1386, 1388, 1397 (10th Cir. 1996) (finding that pending adoption proceedings affect important state interest); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (finding that state has important interest in pending divorce litigation); *Liedel v. Juvenile Court*, 891 F.2d 1542, 1546 (11th Cir. 1990) (explaining that pending child abuse proceedings are of vital state concern).

Next, we turn to *Middlesex's* third prong. The pending state proceeding provides an adequate forum in which to adjudicate Parejko's constitutional claims and Parejko does not argue otherwise. State courts are equally capable of enforcing federal constitutional rights as federal courts. *See Middlesex County Ethics Comm.*, 457 U.S. at 431; *Barichello v. McDonald*, 98 F.3d 948, 954-55 (7th Cir. 1996)*; Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986). And when the constitutional

challenges can affect pending state proceedings, as they do here, "proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

Finally, Parejko's federal complaint does not fall within any recognized exceptions to *Younger*. The Supreme Court has stated that a court should not abstain under *Younger* where the pending state proceeding was motivated by a desire to harass or is conducted in bad faith, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *see also Ramsden v. AgriBank, FCB*, 214 F.3d 865, 871 (7th Cir. 2000), or where the plaintiff has demonstrated "an extraordinarily pressing need for immediate equitable relief" that, if not granted, will irreparably injure her, *see Moore*, 442 U.S. at 433 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975)); *accord Younger*, 401 U.S. at 46 (noting that even irreparable injury is insufficient unless it is "both great and immediate"); *Brunken*, 807 F.2d at 1331.

There is no indication, nor does Parejko argue, that the underlying divorce proceedings are motivated by a desire to harass or are being conducted in bad faith. Likewise, although Parejko argues that *Younger* does not apply because it is "self-evident" that "the challenged statutes patently and flagrantly violate the substantive and procedural due process protections" of the Constitution, she cites not a single case in support of that far-from-obvious conclusion. *See Younger*, 401 U.S. at 53-54 (noting that "the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith efforts to enforce it"); *Arkebauer v. Kiley*, 985 F.2d 1351, 1361 (7th Cir. 1993). Lastly, she makes no claim that she would experience severe or irreparable losses while challenging the divorce statutes in state court.

In her brief, Parjeko largely avoids any discussion of the *Middlesex* prongs. Instead, she contends that *Younger* does not apply because she is not seeking to enjoin an ongoing judicial proceeding. She says she would seek an injunction "only after the entry of a declaratory judgment that the challenged statutes are unconstitutional." But that contention is self-defeating. Parejko's promise that she will seek an injunction if the federal district court holds that the challenged statutes are unconstitutional is precisely what offends *Younger*. And the cases that Parjeko relies upon do not support a contrary conclusion. *See Sosna v. Iowa*, 419 U.S. 393, 396 n.3 (1975) (noting concern that the federal courts should have abstained under *Younger* but allowing case to proceed on merits where both parties urged Court not to abstain); *Loving v. Virginia*, 388 U.S. 1, 3-4 (1967) (pre-*Younger* case in which Supreme Court reviewed highest state court's final decision).

Parejko also argues that abstention was inappropriate because her state court proceeding is a civil divorce action between private individuals. But the Supreme

Court has determined that as long as important state interests are involved, as they are here, *Younger* abstention applies to even civil cases between purely private parties. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 14 n.12, 17 (1987); *see also Kelm,* 44 F.3d at 419-20 (finding *Younger* abstention appropriate where pending divorce proceeding between private parties implicated important state interests).

As a final matter, we note that the State of Wisconsin enjoys sovereign immunity from being sued without its consent. Hence, the district court should have dismissed the claims against it for lack of subject matter jurisdiction. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Quern v. Jordan*, 440 U.S. 332, 342 (1979). So modified, the judgment of the district court is AFFIRMED.