**HOMESTEAD INSURANCE COMPANY, INC., Plaintiff–Appellee,**

v.

**The CASDEN COMPANY, Defendant–Appellant.**

No. 05–55060.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed May 2, 2007.

Howard Wollitz, Esq., Charlston, Revich and Chamberlin, LLP, Los Angeles, CA, for Plaintiff–Appellee.

Robert Silverberg, Esq., James W. Haines, Esq., Richard L. Kellner, Kabateck Brown Kellner LLP, Los Angeles, CA, for Defendant–Appellant.

Before: RYMER, WARDLAW, and M. SMITH, Circuit Judges.

MEMORANDUM *

Casden Co. appeals the district court's denial of its motion to remand its damages

---

* This disposition is not appropriate for publication and is not precedent except as provided

action, No. 04–01941, and the district court's summary judgment in favor of Homestead Insurance Co. on its declaratory relief action, No. 01–11021. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

■ The district court erred in 2004 when it denied Casden's motion to remand the damages action following Homestead's second petition to remove it to federal court. *Seedman v. United States District Court,* 837 F.2d 413, 414 (9th Cir.1988) (holding that after the district court certifies a remand order to the state court it lacks jurisdiction to vacate even an erroneous remand order issued pursuant to 28 U.S.C. § 1447(c)). The district court's certification of its April 2003 remand order to the state court on May 1, 2003 divested the district court of jurisdiction to correct or vacate the remand order. *Id.* Because Homestead's second removal petition, based on the identical § 1447(c) ground as the prior removal, cannot reinvest jurisdiction, *id.,* the district court lacked jurisdiction to entertain the action. All subsequent orders issued by the district court in that action are void ab initio. *See In re Sasson,* 424 F.3d 864, 876 (9th Cir.2005) (explaining that a court's judgment is void if the court lacks jurisdiction over the action); *see also* 20 Am.Jur.2d *Courts* § 66 (2005) ("[W]hen a court decides a matter without jurisdiction, the whole proceeding is as if it had never happened."). We, therefore, vacate all orders involving the damages action, No. 04–01941, and remand it to the district court with instructions to further remand it to state court.

■ Casden correctly argues that because the declaratory relief action was filed in federal court while the damages action was proceeding in state court, the district court should have abstained from

by 9th Cir. R. 36–3.

deciding the declaratory relief action, No. 01–11021, pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (providing a three-part test for federal courts to determine when *Younger* abstention applies); *see also Gilbertson v. Albright,* 381 F.3d 965, 981 (9th Cir.2004) (en banc) (noting that "the right pigeonhole is not crucial").

First, Casden's damages action was "ongoing" because it was pending in state court when Homestead filed its declaratory judgment action. *See Beltran v. State,* 871 F.2d 777, 781–82 (9th Cir.1989). Second, Homestead's request that the district court declare California Code of Civil Procedure section 340.9 unconstitutional implicates important state interests. *See Campanelli v. Allstate Life Ins. Co.,* 322 F.3d 1086, 1099 (9th Cir.2003) (recognizing California's interest in enacting section 340.9 to aid recovery of its citizens who were not fully compensated for their losses from the Northridge earthquake); *see also Middlesex County,* 457 U.S. at 435, 102 S.Ct. 2515 ("The importance of the state interest in the pending state judicial proceedings *and* in the federal case calls *Younger* abstention into play." (emphasis added)). Third, the California state court proceeding provides Homestead "an adequate opportunity" to challenge the constitutionality of section 340.9 because Casden's damages suit would be barred by the statute of limitations but for the enactment of the section 340.9. *See Beltran,* 871 F.2d at 783.

We therefore reverse the district court's grant of summary judgment and remand with instructions for the district court to

dismiss Homestead's declaratory relief action, No. 01–11021. *Id.* at 782–83.

**REVERSED and REMANDED.**

