**Phillip WASSON; Meleade Wasson,**
**Plaintiffs—Appellants,**

v.

**RIVERSIDE COUNTY; et al.,**
**Defendants—Appellees.**

No. 06–55925.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 11, 2007.

Phillip Wasson, San Diego, CA, pro se.

Meleade Wasson, San Diego, CA, pro se.

Robert P. Karwin, Esq., Daren Eric Hengesbach, Esq., Middlebrooke Kaiser & Popka, San Bernardino, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Phillip and Meleade Wasson appeal pro se from the district court's judgment dismissing their civil rights action alleging constitutional violations in connection with an ongoing state criminal proceeding in which the Wassons are being prosecuted for felony child abuse and other crimes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's dismissal for failure to state a claim, *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998), and we review for abuse of discretion its denial of a motion to amend the complaint, *Ward v. Circus Circus Casinos, Inc.,* 473 F.3d 994, 1000 (9th Cir.2007). We may affirm on any ground supported by the record. *Steckman,* 143 F.3d at 1295. We affirm in part, vacate in part, and remand.

The district court properly dismissed the Wassons' claim under the Hobbs Act, 18 U.S.C. § 1951. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980) (holding that criminal statutes do not give rise to civil liability).

The Wassons' remaining claims were barred under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) because a criminal prosecution against the Wassons is pending in state court, the criminal prosecution implicates important state interests in prosecuting felony child abuse, and the state court proceedings afford the Wassons an adequate opportunity to raise federal claims. *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.,* 805 F.2d 1353, 1357–58 (9th Cir.1986); *H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000) (*"Younger* abstention may be raised sua sponte at any point in the appellate process."). Moreover, the record does not support any exceptions to the application of *Younger* abstention. *See Baffert v. Cal. Horse Racing Bd.,* 332 F.3d 613, 621 (9th Cir.2003). Accordingly, the district court should have abstained under Younger and dismissed the Wassons' action without prejudice. *See Beltran v. State of California,* 871 F.2d 777, 782–83 (9th Cir.1989).

Because the Wassons' action is barred by *Younger,* amendment of their complaint

* This panel unanimously finds this case suitable for decision without oral argument. *See*

would have been futile. *See Saul v. United States,* 928 F.2d 829, 843 (9th Cir.1991).

Appellants' remaining contentions are not persuasive.

Accordingly, we affirm the district court's dismissal with prejudice of the Hobbs Act claim, vacate the district court's judgment as to the remaining claims, and remand with instructions to dismiss the remaining claims without prejudice pursuant to *Younger v. Harris.*

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**