**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGES MARCIANO, an individual, | No. 09-56897 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03437-MMM-AJW |
| v. | |
| HONORABLE ELIZABETH A. WHITE, an individual, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted May 2, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Georges Marciano appeals from the dismissal of his complaint against Judge

Elizabeth White of the California Superior Court.  We affirm.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Marciano's complaint alleged that Judge White violated his constitutional rights while presiding over a lawsuit brought by Marciano in state court against former employees. In particular, Marciano claims that Judge White violated his constitutional rights when she entered default judgment against him and subsequently awarded the defendants significant damages on their cross-complaint against Marciano. The district court dismissed Marciano's federal suit on the alternative grounds that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine and that the *Younger* abstention doctrine applied.

We begin by noting that Marciano has failed to state a claim for injunctive relief under 42 U.S.C. § 1983, which precludes injunctive relief against a judicial officer for actions taken in her official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Marciano does not claim that a declaratory decree was violated nor is there any indication that declaratory relief is unavailable. For this reason alone, we would affirm the district court's dismissal of the complaint. *See Evans v. Chater*, 110 F.3d 1480, 1481 (9th Cir. 1997) (A reviewing court "may affirm on any ground finding support in the record, even if the district court relied on the wrong grounds or wrong reasoning." (internal quotation marks omitted)).

We also approve of the district court's dismissal under the *Rooker-Feldman* doctrine. Marciano's complaint is, by its own terms, precisely the kind of legal action meant to be barred from federal court by the Supreme Court's *Rooker-Feldman* decisions. Marciano claims that Judge White's decisions defaulting him and awarding damages against him caused him injury by violating his constitutional rights, and he seeks injunctive relief overturning those decisions. In other words Marciano's federal suit is a "case[] brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("Bianchi essentially asked the federal court to review the state court's denial in a judicial proceeding and to afford him the same individual remedy he was denied in state court." (internal citations and quotation marks omitted)). The current action is outside the usual range of *Rooker-Feldman* cases only in being so direct – it is a lawsuit against the state court judge herself, not simply a claim purporting to run against the same adversaries in the state court lawsuit.

Marciano has argued that *Rooker-Feldman* cannot apply because there has not been a final state court decision in his case. Marciano points to pending state

3

court appeals, which he argues must be concluded before *Rooker-Feldman* can apply. We disagree. The fact that Marciano filed his federal suit before his state court appeals have concluded cannot be enough to open the door for a federal district court to review the state court decisions. To hold otherwise would run counter to the doctrine's underlying principle that review of state court decisions must proceed through the state appellate procedure and then to the United States Supreme Court. *See Exxon*, 544 U.S at 292. That the California Supreme Court has not yet resolved Marciano's claim does not mean Marciano can redirect that review so that it will be conducted by a federal district court.

Furthermore, Marciano's reliance on *Exxon* and our opinion in *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 n.1 (9th Cir. 2005), is unconvincing. *Exxon* dealt with very different factual situation: parallel state and federal litigation. Here, by contrast, Marciano has not simply filed an action in federal court against the defendants in his state court action. Rather, he has brought suit against the judge who presided over his state court action seeking to overturn her decisions. In *Mothershed*, we held that *Rooker-Feldman* was applicable to a suit almost identical to Marciano's: a federal suit against state judges raising federal claims that "constitute[d] a particularized challenge to the [state] proceedings' results." 410 F.3d at 607-08. While *Mothershed* discussed the

4

finality requirement, we did not consider whether a ruling by a lower state court was sufficiently final because the state bar disciplinary proceedings at issue were handled by the state's highest court. In the current context, we conclude that the state court's decisions are sufficiently final to support the dismissal of the federal action under *Rooker-Feldman*.

We also agree with the district court's dismissal under the *Younger* abstention doctrine, though based upon somewhat different reasoning. In order for *Younger* abstention to apply to a civil case the proceedings must "implicate important state interests." *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982). The district court concluded that questions regarding the ethics and competence of a state court judge implicated an important state interest.

Our case law may foreclose citing a challenge to the ethics and competence of an individual state court judge based on her rulings in a single case as an important state interest. *See Miofsky v. Superior Court of State of California*, 703 F.2d 332, 338 (9th Cir. 1983) (*Younger* abstention not proper when federal suit only sought to "restrain the state judiciary from conducting private tort litigation in a way that allegedly threatens to violate his constitutional rights."). Additionally, "a *universal* judicial interest," such as a general interest in a fair and competent

5

judiciary, "is not the kind of 'important state interest' that animates the *Younger* abstention doctrine." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1150 (9th Cir. 2007). Rather, "[t]he goal of *Younger* abstention is to avoid federal court interference with *uniquely* state interests such as preservation of these states' peculiar statutes, schemes, and procedures." *Id.*

We conclude that this case does implicate another state interest that is sufficiently important to warrant abstention under *Younger*, however. Marciano, in essence, challenges the ability of Judge White to issue sanctions against him for failing to comply with her discovery orders. The ability of a court to issue sanctions "lies at the core of the administration of a State's judicial system" and is a unique state process "through which [the state] vindicates the regular operation of its judicial system." *Juidice v. Vail*, 430 U.S. 327, 335 (1977). Like the contempt power at issue in *Juidice* and the attachment procedure at issue in *Pennzoil*, this case "involve[s] challenges to the processes by which the State compels compliance with the judgments of its courts." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14 (1987). While Marciano only challenges the issuance of sanctions in his case, "the importance of the interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 618 (9th

6

Cir. 2003). Looking broadly, we conclude that Marciano's lawsuit implicates California's important interest in the use of sanctions to enforce judicial orders. We find no merit to Marciano's other arguments why *Younger* should not apply here.

Having concluded that the district court properly dismissed the case upon multiple independent grounds, it is unnecessary to consider other arguments.

**AFFIRMED**