NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0378n.06

No. 10-6417

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| SAEID SHAFIZADEH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JERRY BOWLES, | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellee, | ) | |
| | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

FILED

*Apr 06, 2012*

LEONARD GREEN, Clerk

Before: MARTIN, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Denise Dugas filed for divorce from Saeid Shafizadeh in February 2007. During those proceedings, Shafizadeh attempted to disqualify the presiding judge, Jerry Bowles, on the theory that Judge Bowles was biased against him. The Kentucky Supreme Court denied Shafizadeh's disqualification request. After Judge Bowles entered judgment in the divorce case, Shafizadeh filed this complaint, pro se, against Judge Bowles and the Commonwealth of Kentucky. He sues under section "1983 and common law," alleging several deprivations of due process.

Shafizadeh primarily seeks an injunction and two declarations. First, he seeks an injunction directing Judge Bowles to recuse himself from further proceedings. For support, Shafizadeh cites

several instances of Judge Bowles's purported bias. For example, he complains that Bowles is Facebook friends with Dugas's attorney.

Second, Shafizadeh seeks a declaration that the state court's practice for issuing Emergency Protective Orders is unconstitutional in two respects: He argues that it is unconstitutional for a law clerk to grant such orders and also for anyone to issue an order that compels a party to surrender firearms without "lawful authority or legal basis." He relies on an incident in which a clerk who had recently graduated from law school granted Dugas's request for an Emergency Protective Order that instructed Shafizadeh to surrender his guns.

Third, Shafizadeh seeks a declaration that Judge Bowles's practice in ruling on motions is a violation of due process. Shafizadeh says that Judge Bowles ruled on Dugas's motions even though Shafizadeh had not yet responded.

The district court dismissed the complaint. It held that the Commonwealth of Kentucky enjoys sovereign immunity against Shafizadeh's suit and that the *Rooker-Feldman* doctrine barred the rest of Shafizadeh's claims. The latter doctrine deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The district court concluded that Shafizadeh is complaining of precisely this sort of injury.

But the *Rooker-Feldman* doctrine is a narrow one. The Supreme Court itself has underscored the "narrow ground occupied by" the doctrine. *Id.* In *Exxon Mobil*, the Court emphasized that *Rooker-Feldman* is "confined to cases" like *Rooker* and *Feldman* themselves, where the plaintiffs

"filed suit in federal court after the *state proceedings ended*." *Id.* at 284, 291 (emphasis added).

After *Exxon Mobil*, it remains an open question in this circuit whether *Rooker-Feldman* applies where, as here, the plaintiff files suit while the state case is still pending on appeal. *Compare Marciano v. White*, 431 F. App'x 611, 613 (9th Cir. 2011) (the doctrine applies), *with Nicholson v. Shafe*, 558 F.3d 1266, 1278–79 (11th Cir. 2009) (the doctrine is inapplicable).

Moreover, the doctrine only forbids challenges to state-court *judgments*; it does not bar "forward-looking," general challenges to the constitutionality of state-court rules. *See Fieger v. Ferry*, 471 F.3d 637, 644, 646 (6th Cir. 2006). Such challenges are "independent of the past state court judgments." *Id.* at 646. Here, each of Shafizadeh's requests for relief is styled as a forward-looking, general challenge to state-court policies. The district court did not explain how these claims represent challenges to the judgment against Shafizadeh.

It is true that the bulk of Shafizadeh's complaint focuses on his past injuries suffered as a result of Judge Bowles's refusal to recuse himself, the issuance of the Emergency Protective Order, and Judge Bowles's decision to grant Dugas's motions without giving Shafizadeh a chance to respond. But neither the district court nor the Commonwealth point to any language in the complaint to indicate that Shafizadeh's claims are focused solely on those past injuries. *Compare Lawrence v. Welch*, 531 F.3d 364, 370 (6th Cir. 2008). Thus, we construe the complaint to include forward-looking, general challenges to state-court practices. *See Evans v. Cordray*, 424 F. App'x 537, 539–41 (6th Cir. 2011); *Fieger*, 471 F.3d at 644, 646. *Rooker-Feldman* therefore was not a basis for dismissing Shafizadeh's entire complaint.

But there is a different kind of abstention that applies here. Under the *Younger* abstention

doctrine, a federal court may not grant "injunctive or declaratory relief that would interfere with"

state judicial proceedings pending at the time that a federal complaint is filed. *See O'Neill v.*

*Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008); *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635,

639–40 (6th Cir. 1990); *see also J.P. v. DeSanti*, 653 F.2d 1080, 1084 (6th Cir. 1981) (concluding

that "even minimal interference with [] a state proceeding" requires abstention). Instead, a federal

court must dismiss such a suit if "important state interests are involved" in the pending state case and

there "was [an] adequate opportunity" for the plaintiff to raise his grievances in state court. *See*

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 435 (1982) (internal

quotation marks omitted). Here, Shafizadeh's federal suit would grossly interfere with the state

divorce case. He seeks an injunction to direct the judge who presided over the divorce to remove

himself from the case. Shafizadeh also seeks declarations that the rules or practices applied in his

case are invalid. Morever, an important state interest was involved in the state proceeding—"the

divorce of [Shafizadeh and Dugas], the proper division of their marital property, and the enforcement

of the divorce court's orders." *See Bunting ex rel. Gray v. Gray*, 2 F. App'x 443, 446 (6th Cir.

2001); *see also Parejko v. Dunn Cnty. Circuit Court*, 209 F. App'x 545, 546 (7th Cir. 2006) ("The

[state-interest] prong [of the abstention analysis] is satisfied because the federal courts have long

recognized that domestic relations litigation . . . is an area of significant state concern . . . .").

Finally, there is no dispute that the state appellate process gave Shafizadeh an adequate opportunity

to raise his grievances concerning Judge Bowles. Thus, the district court was right to dismiss

No. 10-6417
*Shafizadeh v. Bowles, et al.*

Shafizadeh's complaint. *See generally Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988)

("*Younger* abstention requires *dismissal* of the federal action").

     The district court's judgment is affirmed.